UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
TYRONE MASSEY,

                      Plaintiff,

      -against-

CAPTAIN LIBURD #1157 et al.,

                      Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 7113 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Tyrone Massey brings this action against various correction officers and officials pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated. On July 17, 2019, Magistrate Judge Robert W. Lehrburger issued an order requiring Plaintiff to show cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff neither filed a response nor appeared at the show cause hearing held by Magistrate Judge Lehrburger on August 15, 2019.

Before this Court is Magistrate Judge Lehrburger's August 28, 2019 Report and Recommendation (the "Report"), recommending that this case be dismissed for failure to prosecute. (Report, ECF No. 34, at 1.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) Plaintiff filed timely objections, (Letter dated November 11, 2019 ("Pl.'s Obj."), ECF No. 37), to which Defendants submitted a response, (Letter dated December 11, 2019, ECF No. 40).[1] Plaintiff filed subsequent letters on February 10, August 6, and September 9, 2020. (ECF Nos. 43,

---

[1] This Court extended Plaintiff's time to submit objections to November 27, 2019. (Order, ECF No. 36.)

44, and 46.) Having reviewed the Report, as well as Plaintiff's objections and the parties' subsequent filings, this Court adopts the Report and overrules the objections.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Objections must be "specific and clearly aimed at particular findings" in the report. *Harden v. LaClaire*, No. 07 Civ. 4592 (LTS) (JCF), 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008). Accordingly, the clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of [a] plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citations omitted). District courts consider five factors when deciding whether to dismiss an action under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest

> in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (citation omitted).

Here, after a thorough review, Magistrate Judge Lehrburger appropriately found that dismissal is warranted. (*See* Report at 6–12.) Plaintiff did not respond to the order to show cause nor appear at the order to show cause hearing. (*Id.* at 7.) Further, though discovery began on January 29, 2019, Plaintiff did not respond to any of Defendants' various discovery requests or request an extension of time. (*Id.* at 6–7.) Defendants followed up with a letter to Plaintiff in April 2019 requesting compliance, but Plaintiff did not respond. (*Id.*) Further, though Defendants had some correspondence beginning in May 2019 that was sent to Plaintiff's listed address and returned to sender, Magistrate Judge Lehrburger noted that his chambers had not received any returns of the mailings sent to Plaintiff regarding the show cause hearing. (*Id.* at 8–9.) Moreover, Magistrate Judge Lehrburger recognized that Plaintiff had not responded to any of Defendants' discovery requests sent prior to May 2019. (*Id.*) Finally, Magistrate Judge Lehrburger confirmed that Plaintiff had not provided Defendants with any updated address and Defendants had tried to call a phone number provided by Plaintiff several times (including on the day of the show cause hearing), but were unsuccessful. (*Id.* at 9–10.) Accordingly, Magistrate Judge Lehrburger recommended that Plaintiff's complaint be dismissed.

Plaintiff objects to the Report's recommendation. He acknowledges that he was released on parole to the address where the Court and Defendants sent correspondence. (Pl.'s Obj. at 1.) Plaintiff, however, contends that he suffered abuse and struggled with mental illness that was aggravated by a lack of support from various individuals, including his parole officer, health professionals, and an individual with whom he resided. (*Id.* at 1–2.) Plaintiff claims that he mentally deteriorated to the point that he began abusing drugs. (*Id.* at 2.) He indicates that, at

some point, he became homeless. (*Id.*) As a result of these circumstances, Plaintiff alleges that he forgot about his obligations in this matter and asks this Court to permit him to prosecute the instant action. (*Id.* at 2–3.) He further asks to amend his complaint to reflect the full extent of damages sought.[2] (*Id.* at 4.) Plaintiff's objections do not target any particular finding in the Report. Instead, he asks this Court for leniency and to ignore the history of this action. Plaintiff has not sufficiently explained why he could not respond to *any* of the correspondence from Defendants or Magistrate Judge Lehrburger. This Court concurs with Magistrate Judge Lehrburger that dismissal is appropriate. However, Plaintiff's *pro se* status coupled with his reappearance in this action support dismissal without prejudice.[3]

Magistrate Judge Lehrburger's Report is ADOPTED. Plaintiff's complaint is dismissed without prejudice. Should Plaintiff file another complaint, he is advised that any further failures to prosecute may result in final dismissal. The Clerk of Court is directed to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
April 5, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] In Plaintiff's subsequent filings, he claims that prison officials did not mail his objections to the Report. This Court, however, received and reviewed Plaintiff's objections. Plaintiff further asks that he be permitted to amend his complaint and argues that his claims are meritorious.

[3] Since filing his objections, Plaintiff also appears to have diligently updated the Court on any changes to his address.